## IN THE SUPREME COURT OF MISSISSIPPI

### NO. 2020-KA-01191-SCT

*JAMES FICKLIN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2020 |
| TRIAL JUDGE: | HON. LARRY E. ROBERTS |
| TRIAL COURT ATTORNEYS: | CHRISTOPHER POSEY |
| | STEVEN KILGORE |
| | WADE WHITE |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY:  JUSTIN T. COOK |
| | GEORGE T. HOLMES |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  ASHLEY L. SULSER |
| | BRITTNEY S. EAKINS |
| DISTRICT ATTORNEY: | STEVEN SIMEON KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/21/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., COLEMAN AND CHAMBERLIN, JJ.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.    A Neshoba County jury found James Ficklin guilty of taking away a motor vehicle.

Finding no arguable issues in the record, we affirm Ficklin's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY

¶2.    On July 19, 2018, Patrick Burt, a sergeant with the Philadelphia Police Department,

received a call from dispatch concerning a possible switched vehicle tag. Burt testified that he learned that the address associated with the tag was located on Herman Alford Drive in Neshoba County. Burt went to the house at that address, but he found no vehicle there. Burt knew that the owner of the house, Hal Rudolph, had recently passed away, so Burt contacted the owner's son, Walt Rudolph.

¶3. Walt confirmed that his father passed away on May 1, 2018, and left behind a 2017 Chevy Z71 Silverado. Walt further testified that the owner of that vehicle would be his father's heirs and that this vehicle remained at his father's house after his father passed away. Walt also testified that the police did in fact contact him and told him that his father's vehicle may be missing. Even though Walt was out of town when he learned about his father's vehicle, a relative verified to Walt that the vehicle was indeed missing from his father's house. Walt attempted to locate the vehicle through its OnStar capability; however, such efforts were unsuccessful. Weeks later, the vehicle was found at a Canton towing service.[1]

¶4. Walt testified that he inspected his father's vehicle upon its recovery. During his inspection, Walt noticed a box and wires hanging loose under the steering wheel. Walt testified that this was the only damage to the vehicle and that after he took the vehicle to be repaired, the mechanic's bill he received listed a replaced OnStar module. In the vehicle,

---

[1] According to the record, the Rudolph vehicle had been abandoned at a housing complex in Canton. From there, the vehicle was towed.

Walt found a driver's license on the console. Walt testified that "[h]is – there was a driver's license on the console," referring to Ficklin's driver's license.

¶5. On July 24, 2018, after Sergeant Burt initially reported that the Rudolph vehicle may be missing, the case was assigned to Bobby Pattillo, an investigator with the Philadelphia Police Department. According to Pattillo, Ficklin ultimately became a suspect because his driver's license was found inside the Rudolph vehicle. Consequently, on July 26, 2018, Pattillo traveled to the Madison County Sheriff's Department jail to speak with Ficklin, who was being held there on unrelated charges.[2]

¶6. Before Pattillo questioned Ficklin about his involvement with the Rudolph vehicle, Ficklin was advised of his rights and signed a *Miranda*[3] waiver form. After signing the *Miranda* form, Ficklin gave a confession to Pattillo. In writing, Ficklin stated the following:

> We first was dropped off at the [Colonial Motel]. We stayed at the motel, then we left walking. After calling everyone we know to come get us, we were walking. We came across a truck alongside 19, keys in it and running. We jumped in the truck and went to put gas in it and to a few locations to find shelter and food. After this, we ended up here, Kingston Housing Complex, where we were arrested for trespassing. Contact Kenny Ray Jackson.[4]

Ficklin confessed verbally that he had researched online how to disable an OnStar module from a vehicle.

---

[2] Prior to Pattillo's investigation, Ficklin was arrested on unrelated charges. The keys to the Rudolph vehicle were found in Ficklin's pocket when he was arrested.

[3] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[4] The other person referred to in Ficklin's written confession was Breanna Kennedy. She was also charged in connection with this case.

¶7.     At trial, however, Ficklin changed his story.  Ficklin testified that, at that time in July 2018, after arguing with Breanna Kennedy at the Colonial Motel, Ficklin left alone and started walking toward Philadelphia.  According to Ficklin, Kennedy then pulled up beside him in the Rudolph vehicle and told him to get in.  Ficklin asked Kennedy where the truck came from and her response was, "[t]he keys was [sic] in it."  Ficklin testified that he did not believe that the Rudolph vehicle was stolen.  Ficklin denied ever driving the Rudolph vehicle.

¶8.     At trial, Ficklin moved to suppress his confessions.  The circuit court denied Ficklin's motion, finding that his confessions were voluntary.  Then, at the close of the state's case-in-chief, Ficklin moved for a directed verdict, but his motion was denied.  At the conclusion of the trial, a jury convicted Ficklin for taking away a motor vehicle.  The Circuit Court of Neshoba County then sentenced Ficklin under Mississippi Code Sections 97-17-42 and -41(2) (Rev. 2020) to serve eight years in the Mississippi Department of Corrections and to pay a fine, court costs and restitution.  After the circuit court's denial of his motion for new trial or judgment notwithstanding the verdict, Ficklin appealed his judgment of conviction, the sentencing order and the order denying his posttrial motion.

¶9.     On appeal, Ficklin's counsel asserts that there are no arguable issues pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005).  Furthermore, after this Court granted Ficklin more time to submit *pro se* briefing, Ficklin never did so.  After carefully reviewing the

entire record, we conclude that there is no arguable issue on appeal, and we affirm Ficklin's conviction and sentence.

## DISCUSSION

¶10. This Court in *Lindsey* outlined certain procedures for cases in which the "appellate counsel represents an indigent criminal defendant and does not believe his or her client's case presents any arguable issues on appeal[.]" *Id.* at 748. In those cases, the appellate counsel must

> (1) . . . [F]ile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7);
>
> (2) . . . [C]ertify [in the brief] that there are no arguable issues supporting the client's appeal, and [that the appellate counsel] has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing[; and]
>
> (3) . . . [S]end a copy of the brief to the defendant, inform the [defendant] that counsel could find no arguable issues in the record, and advise the [defendant] of his or her right to file a pro se brief.

*Id.* at 748 (footnote omitted) (citations omitted).

¶11. Ficklin's appellate counsel has filed a brief in compliance with *Lindsey* asserting that Ficklin's case presents no arguable issues for appeal. This Court permitted Ficklin extra time to submit *pro se* briefing, but he never did so. After reviewing the entire record, this Court

5

has found no arguable issue in the record that would warrant supplemental briefing.

Therefore, we affirm Ficklin's conviction and sentence.

¶12. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, ISHEE AND GRIFFIS, JJ., CONCUR.**